Good morning, Your Honor. My name is Scott Hubbard, and I represent Plaintiff and Appellant Robert Dodson. This is an operator liability case based on Title III of the ADA for unlawful control over public accommodation. I know the Court's read the briefs and is familiar with the issues, so unless the panel has any questions for me, I'm prepared to submit. I guess the question I have is why no one's found out who owns this property? Or maybe I should even put it, why don't you know who owns this property? When we initially filed this case, we were working off the assessor's records. Three days prior to trial, the defendant raised the issue for the first time that they didn't control the 4-foot strip. Judge Shub attempted to eliminate or at least reduce our prejudice by letting us depose the land surveyor who performed the survey. And his records only went back to 1949. Based on that, he said that it wasn't owned, or at least he didn't know how to own it, or he didn't know who owned it. And Judge Shub found that person's testimony credible. As the defendants point out in the tail end of the answering brief, there was a related case, and we did attempt to find the property owner in that instance, too. But the title company, unless you're buying a home, selling a home, or building a home in Sacramento, it's a bit swamped. And they couldn't find it for us. Anything else? Nope. Anything for the other guy? Pardon? Do you have anything for the other? All right. Thank you. We have no further questions of you. And for that matter, we don't have any questions for you. Do you wish to nevertheless say anything? Yes. I would like to address the Court on just a few moments, Your Honor. I'll try to keep it brief in light of the Court. Well, yeah. Recognize that, you know, you can argue yourself out of a very good position. I do recognize that, Your Honor. However, I would like to please the Court. My name is Gary Fonamora from Traynor Robertson on behalf of Pan Pacific Properties, the successor and interest of Western Real Estate Investment Trust. I would like to point out one thing that I believe has been overlooked in all of the briefing and that this matter can be disposed of quite quickly if the Court will draw its attention to Judge Shub's finding in the trial that plaintiff was not discriminated against, and Judge Shub makes that finding at page 64 of the excerpts of the record that my client submitted, which he finds that the plaintiff was not in any way discriminated against by his inability to access the Burger King restaurant from the sidewalk because the hedge that is the barrier stretches the full length of the street across the restaurant, separating the restaurant from the sidewalk. The photo that's attached as page 67 of the excerpts of the record will demonstrate that as well, and Judge Shub concluded that an able-bodied person, non-disabled person, could not traverse that barrier as well. So there was no difference in treatment, no discriminatory treatment of the plaintiff. Was an able-bodied person less at risk taking the path that everybody's forced to take? An able-bodied person is at equal risk of that non-disabled person taking the path that Mr. Dodson was exposed to in entering the property through the driveway as well. Equally visible to vehicular traffic.  Your Honors, there was no finding with respect to that. The only evidence is that Mr. Dodson stated that he had to avoid traffic when entering the property. And the question, it's a very good question, Your Honor. However, I don't believe that. I appreciate that. However, I felt that it was an important issue to bring up. I have nothing further. Okay. Anything further you wanted to add, Mr. Hubbard? No, I think I'm going to keep my mouth shut, Your Honor. All right. Counsel, the matter just argued will be submitted. Thank you.
judges: Canby, Rymer, Hawkins